# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Luca Mariano Distillery, LLC,

                     Debtor.

Bankruptcy Case No. 25-51472
Chapter 11
Hon. Paul Hage

---

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

## INTRODUCTION

The Schedules of Assets and Liabilities (collectively, "Schedules") and Statements of Financial Affairs (collectively, "Statements," and, together with the Schedules, "Schedules and Statements") filed by the Debtor in the United States Bankruptcy Court for the Eastern District of Michigan ("Bankruptcy Court") were prepared in accordance with Section 521 of Title 11 of the United States Code ("Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") by Debtor's management with the assistance of Debtor's professional advisors, and are unaudited.

The Schedules and Statements have been signed by David M. Baker, Managing Partner of Aurora Management Partners, Inc. and the Debtor's Chief Restructuring Officer. Mr. Baker has not (nor could have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classifications of such amounts, and addresses. In addition, Mr. Baker has not (nor could have) personally verified the completeness of the Schedules and Statements nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Baker necessarily relied upon various personnel of the Debtor and the Debtor's professional advisors and their efforts, statements, and representations in connection therewith. Although Mr. Baker has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or the discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

1

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtor's Schedules and Statements ("Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in Debtor's Schedules or Statements. The disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, will be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. <u>General Reservation of Rights.</u> Although the Mr. Baker has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtor reserves all rights to amend the Schedules and Statements from time to time in any and all respects and as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("Claim") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements will constitute an admission of any claims or a waiver of any of the Debtor's rights with respect to the Debtor's case, including issues involving substantive consolidation, recharacterization, equitable subordination, and causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. <u>Description of Case and "As Of" Information Date.</u> On November 12, 2025 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Debtor's Chapter 11 case. Unless otherwise stated in these Global Notes, assets and liabilities are reported as of November 12, 2025.

3. <u>Basis of Presentation.</u> The Schedules and Statements purport to reflect the Debtor's assets and liabilities. The Debtor reserves all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements will constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtor's books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4. <u>Totals.</u> All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtor's books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

5. <u>Excluded Assets and Liabilities.</u> The Debtor has excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist. Certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

6. <u>Amendments and Supplements.</u> All Rights Reserved. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist. The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time as is necessary and appropriate in its sole discretion.

7. <u>References.</u> References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens or claims. Nothing in the Global Notes or the Schedules and Statements will be deemed a modification or interpretation of the terms of such agreements.

8. <u>Currency.</u> All amounts are reflected in U.S. dollars. Amounts originally

3

denominated in foreign currencies have been converted to U.S. dollar equivalents in accordance with Debtor's pre-filing accounting practices.

9. <u>Book Value.</u> Unless otherwise indicated, the Debtor's assets and liabilities are shown on the basis of its net book values as of November 12, 2025. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtor's books. Net book values may vary, sometimes materially, from market values. The Debtor does not intend to amend these Schedules and Statements to reflect market values.

10. <u>Recharacterization</u>. Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor reserves all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as it determines to be necessary and appropriate before any plan or disclosure statement being filed.

11. <u>Claims of Third-Party Entities.</u> Although the Debtor has made reasonable efforts to properly classify each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, or contingent or non-contingent, the Debtor has not been able to fully reconcile all payments made to certain third-party entities on account of the Debtor's obligations to both such entity and its affiliates. Therefore, if the Debtor has classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements will similarly be considered disputed, regardless of whether they are individually designated as such.

12. <u>Liabilities.</u> The Debtor has allocated liabilities between the prepetition and post-petition periods based on information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available, and further research is conducted, particularly with respect to the Debtor's payable accounts, the allocation of liabilities between the prepetition and post- petition periods may change. The Debtor reserves all rights to amend the Schedules and Statements as it deems appropriate.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under Section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all rights to dispute or challenge the validity of any asserted claims under Section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

13. <u>Guarantees and Other Secondary Liability Claims.</u> It is possible that certain guarantees embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtor reserves all rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

14. <u>Intellectual Property Rights.</u> The exclusion of certain intellectual property will not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property will not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtor reserves all rights with respect to the legal status of any and all such intellectual property rights.

15. <u>Executory Contracts and Unexpired Leases.</u> The Debtor has not set forth executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtor's executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtor has made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

16. <u>Claims Description.</u> Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtor reserves all rights to dispute any Claim reflected on its Schedules and Statements on any grounds, including, without limitation,

liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtor reserves the right to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

17.     Causes of Action. Despite reasonable efforts, the Debtor may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtor reserves all of the rights for any claims, causes of action, or avoidance actions it may have, and neither these Global Notes nor the Schedules and Statements will be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

18.     Undetermined Amounts. Claim amounts that could not readily be quantified by the Debtor are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

19.     Liens. Assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

20.     Estimates. To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

21.     Credits and Adjustments. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of the rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections or setoffs with respect to the same.

22.     Setoffs. The Debtor incurs certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, merchandise quality, pricing

discrepancies, returns, warranties, filebacks, negotiations, or disputes between the Debtor and its vendors and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for and are therefore excluded from the Schedules.

23.     <u>Global Notes Control.</u> If the Schedules and Statements differ from these Global Notes, the Global Notes will control.

**General Disclosures Applicable to Schedules**

24.     <u>Classifications.</u> Listing a Claim (a) on Schedule D as "secured/" (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's rights to recharacterize or reclassify such Claim or contract.

25.     Schedule A/B - Real and Personal Property.

(a)     Schedule A/B.3: Checking, Savings, Money Market, or Financial Brokerage accounts. Bank account balances are as of the end of business on the Petition Date.

(b)     Schedule A/B.11: Accounts Receivable. Accounts Receivable balances are listed based upon the Debtor's books and records and not the verification conducted at the direction of Aurora Management Partners and extrapolated against the Debtor's books and records. The Debtor reserves the right to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

(c)     Schedule A/B Parts 5, 7, 8, and 9: Inventory, Excluding Agriculture Assets; Office Furniture, Fixtures, and Equipment and Collectibles; Machinery, Equipment, and Vehicles; Real Property. Inventory valuation is listed based upon based upon the Debtor's books and records and not testing conducted at the direction of Aurora Management Partners and extrapolated against the Debtor's books and records. The Debtor reserves the right to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

7

(d) Schedule A/B.60, A/B.61, A/B.62 and A/B.63: Patents, Copyrights, Trademarks, and Trade Secrets; Internet Domain Names and Websites; Licenses, Franchises, and Royalties; Customer Lists, Mailing Lists, or Other Compilations. Patents, trademarks, and other intellectual property listed in Schedules *AIB.60, AIB.61, NB.62,* and A/B.63 have an undetermined value on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value. Nothing in these Global Notes or in the Schedules and Statements will be construed as an admission or acknowledgment by the Debtor that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtor reserves all rights with respect to any such issues

26.    Schedule D - Creditors Holding Secured Claims. The Claims listed on Schedule D arose or were incurred on various dates. A determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred on or before November 11, 2025.

Except as otherwise ordered by the Bankruptcy Court, the Debtor reserves its right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on the Debtor's Schedule D. Moreover, although the Debtor may have scheduled Claims of various creditors as secured Claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. To that end, the Debtor takes no position as to the extent or priority of any particular creditor's lien in the Schedules and Statements. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. Reference to the applicable loan documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements will be deemed a modification or interpretation of the terms of such agreements. The Debtor has made reasonable, good faith efforts to

8

include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Debtor's Uniform Commercial Code search was performed or a vendor may not have filed the requisite perfection documentation.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtor reserves all rights to amend Schedule D if the Debtor determines that any Claims associated with such agreements should be reported on Schedule D.

The Debtor has not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

27.    Schedule E/F - Creditors Holding Unsecured Claims. The Debtor has used reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F based upon the Debtor's existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits, rebates, or allowances due from such creditors to the Debtor. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of the Petition Date.

The Debtor may pay additional Claims listed on Schedule E/F during its Chapter 11 case pursuant to orders of the Bankruptcy Court, and reserves all rights to update Schedule E/F to reflect such payments. In addition, certain Claims listed on Schedule E/F may be entitled to priority under Section 503(b)(9) of the Bankruptcy Code.

Schedule E/F also contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to Section 510 of the Bankruptcy Code.

28.    Schedule G -    Executory Contracts and Unexpired Leases. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals, and partial releases, all of which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set fmih on Schedule G. In addition, the Debtor may have entered into various ' other types of agreements in the ordinary course of business, such as financing agreements, indemnity agreements, subordination, non-disturbance agreements, supplemental agreements, amendments and letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtor reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtor reserves all rights in that regard, including the right to assert that any agreement is not executory, has expired pursuant to its terms, is severable in whole or in part, or was terminated before the Petition Date.

29.    Schedule H - Co-debtors. Although the Debtor has made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtor reserves all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtor further reserves all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's Claim. The listing of a contract, guaranty, or other

obligation on Schedule H will not be deemed an admission that such obligation is binding, valid, or enforceable.

In the ordinary course of its business, the Debtor is involved in pending or threatened litigation and claims arising out of the conduct of its business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because such claims are listed elsewhere in the Statements and Schedules, they may not have been set forth individually on Schedule H.

Schedule H also reflects guarantees by the Debtor. The Debtor may not have identified certain guarantees that are embedded in the Debtor's executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtor reserves the right to amend the Schedules if additional guarantees are identified or if such guarantees are discovered to have expired or are unenforceable.

### General Disclosures Applicable to Statement of Financial Affairs

30.     Questions 1 and 2. The gross revenue and non-business revenue reported for the current fiscal year are through November 12, 2025.

31.     Questions 3 and 4. The Debtor has taken reasonable efforts to identify those recipients of transfers are requested in Questions 3 and 4b using the Debtor's books and records; however, a complete analysis of the prepetition transfers that may be responsive to such Questions has not been completed. The Debtor reserves all rights, including, *inter alia,* the right to amend the responses to Questions 3 and 4; to prosecute actions against those parties not presently disclosed in response to Questions 3 and 4; and to prosecute actions in excess of the stated amounts set forth in response to Questions 3 and 4.

30.     Question 7. The Debtor reserves all rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suit or proceeding will not constitute an admission by the Debtor of any liabilities or that the suit or proceeding was correctly filed against the Debtor. The Debtor also reserves its rights to assert that the Debtor is not an appropriate party to any such suit or proceeding.

31.     Question 10. While the Debtor has made reasonable efforts to respond comprehensively to Question 10, certain de minimis losses, which are not tracked separately, may have been omitted.

32.     Question 13. While the Debtor has have made reasonable efforts to respond comprehensively to Question 13, certain de minimis asset sales and transfers may be omitted unintentionally.

33.     Question 26(d). The Debtor has taken reasonable efforts to identify those financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case; however, the Debtor may have issued additional statements not otherwise disclosed. The Debtor reserves the right to amend and/or supplement its response to this Question.

34.     Question 30. For this question, please reference Statement of Financial Affairs, Question 4.

12

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.**   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
☒   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
☒   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
☒   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
☒   *Schedule H: Codebtors (Official Form 206H)*
☒   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
☐   Amended Schedule _____
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   November 26, 2025     **X** /s/ David Baker   *David M Baker*
                                                       Signature of individual signing on behalf of debtor

                                       David Baker
                                       Printed name

                                       David Baker, Chief Restructuring Officer
                                       Position or relationship to debtor

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                         Best Case Bankruptcy

Fill in this information to identify the case:

Debtor name    Luca Mariano Distillery, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals      12/15

### Part 1:   Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*............................................................................................ $ _____ 0.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.......................................................................................... $ _____ 39,675,722.46

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*............................................................................................ $ _____ 39,675,722.46

### Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................... $ _____ 30,712,153.75

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................................ $ _____ 0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........................................ +$ _____ 1,307,328.37

4. **Total liabilities** ........................................................................................................................
   Lines 2 + 3a + 3b      $ _____ 32,019,482.12

Fill in this information to identify the case:

Debtor name    Luca Mariano Distillery, LLC

United States Bankruptcy Court for the:   EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
☒ Yes Fill in the information below.
All cash or cash equivalents owned or controlled by the debtor

                                            Current value of debtor's interest

3.    Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1.   Huntington National Bank | Checking | 9047 | $1,683.24 |

4.    Other cash equivalents *(Identify all)*

5.    **Total of Part 1.**

     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.      | $1,683.24 |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. Does the debtor have any deposits or prepayments?

☐ No. Go to Part 3.
☒ Yes Fill in the information below.

7.    Deposits, including security deposits and utility deposits
     Description, including name of holder of deposit

| 7.1.   Kalvin Cooperage DBA Tonoleria Magrenan SLU; Security Deposit for Barrels | $621,446.64 |
| --- | --- |

| 7.2.   Gainesville: Security Deposit for Barrels | $210,000.00 |
| --- | --- |

8.    Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent
     Description, including name of holder of prepayment

9.   **Total of Part 2.**                                          | $831,446.64 |
     Add lines 7 through 8. Copy the total to line 81.

| Part 3: | Accounts receivable |

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☒ Yes Fill in the information below.

11.   **Accounts receivable**

      11b. Over 90 days old:    38,206.92    -    38,206.92    =....          $0.00
                             face amount         doubtful or uncollectible accounts

12.   **Total of Part 3.**                                        | $0.00 |
      Current value on lines 11a + 11b = line 12.   Copy the total to line 82.

| Part 4: | Investments |

**13. Does the debtor own any investments?**

☒ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
☒ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** Misc. Empty Bottles for Packaging | | $0.00 | Cost Basis | $535,229.00 |
| 20. | **Work in progress** Approximate 6,600 bourbon and rye whisky barrels containing product. | | $0.00 | Appraisal | $17,153,254.00 |
| 21. | **Finished goods, including goods held for resale** Approximately   300 bottles | | $0.00 | | Unknown |
| 22. | **Other inventory or supplies** | | | | |

23.   **Total of Part 5.**                                        | $17,688,483.00 |
      Add lines 19 through 22.  Copy the total to line 84.

24.   **Is any of the property listed in Part 5 perishable?**
      ☒ No
      ☐ Yes

25.    **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
       ☒ No
       ☐ Yes. Book value _____ Valuation method _____ Current Value _____

26.    **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
       ☒ No
       ☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No.   Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.   Go to Part 8.
☒ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.    **Office furniture**<br>Desk and 3 chairs | $0.00 | | $150.00 |

40.    **Office fixtures**

41.    **Office equipment, including all computer equipment and communication systems equipment and software**

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**
       Add lines 39 through 42.   Copy the total to line 86.                    | $150.00 |

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
       ☒ No
       ☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
       ☒ No
       ☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.   Go to Part 9.
☒ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1.  2022 Ford 650 Barrel Truck | $0.00 | | $53,691.72 |
| 47.2.  2020 Polaris: Not running. | $0.00 | | Unknown |

| 47.3. | Bobcat | $0.00 | Unknown |
|---|---|---|---|

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**
18" Column Still (1)
Beerwell(1)(10,000 Gallon)
High Wines Tank (1)(200 Gallons)
Low Wines Tank(1)(25 Gallons)
Reflux Tank(1)(25 Gallons)
Backset Tank(1)(1,500 Gallons)
Fermenters(7)(7,500 Gallons Each)
Thick Stillage Tank(2)(15,000 Gallons Each)
Thin Stillage Tank(1)(3,000 Gallons)
Chilled Water Buffer Tanks(2)(8,000 Gallons)
Outdoor Bulk Spirits Tank(1)(7,000 Gallons)
Indoor Proofing Tank(1)(7,000 Gallons)
Bulk Well Water Tank(1)(8,000 Gallons)
Spirit Receiving Tank(1)(7,500 Gallons)
Spirit Receiving Tank13,000 Gallons
Spirit Receiving Tank12,500 Gallons
Cooker17500 Gallon SS Cooker
Grain Bins 32,685 Cubic Feet. 2,148 bushels
Boiler 1300 HP, Natural Gas
Chillers 2VPiston Tri 40HP
Fluid Chiller 1FXV-1212C-32D-M Closed Circuit Tower
Barrel Fillers1Single Barrel Filler
Cage Mill1Stedman CopperLine Series Cage Mill
Agitators7-
Pumps--
Instrumentation Panels--
Air Compressors2-
RO Water Tank11,000 Gallon, Culligan IW-35 (25gpm)
Safety Equipment--
Loading Platform for Trucks1-
Custom Industrial Distillery Equipment System. This equipment is built in and secured to real property. There is only nominal value to equipment if not sold as complete system in the current location.    Asset list available on request.

|  | $0.00 | $21,025,402.40 |
|---|---|---|

51. **Total of Part 8.**                                                                                  | $21,079,094.12 |
    Add lines 47 through 50.   Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☒ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ☒ No
    ☐ Yes

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☒ No.   Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.   Go to Part 11.
☒ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | Patents, copyrights, trademarks, and trade secrets Trademark of the name Luca Mariano, Francisco Mariano. and | | | |
| | FM to send list of trademarks. | $0.00 | | $74,865.46 |
| 61. | Internet domain names and websites | | | |
| 62. | Licenses, franchises, and royalties Federal and State Distilling Licenses | $0.00 | | $0.00 |
| 63. | Customer lists, mailing lists, or other compilations | | | |
| 64. | Other intangibles, or intellectual property | | | |
| 65. | Goodwill Goodwill | $0.00 | | Unknown |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| $74,865.46 |
|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
☒ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.   Go to Part 12.
☒ Yes Fill in the information below.

Current value of debtor's interest

71. **Notes receivable**
    Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    White Dog Trading and Storage, LLC                                                        Unknown
    | Nature of claim | Breach of Contract |
    | Amount requested | $0.00 |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**

    Add lines 71 through 77. Copy the total to line 90.                                        $0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
    ☒ No
    ☐ Yes

## Part 12:   Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $1,683.24 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $831,446.64 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.**   *Copy line 23, Part 5.* | $17,688,483.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $150.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $21,079,094.12 | |
| 88. **Real property.** *Copy line 56, Part 9*..................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $74,865.46 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $39,675,722.46 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $39,675,722.46 |

Fill in this information to identify the case:

Debtor name    Luca Mariano Distillery, LLC

United States Bankruptcy Court for the:   EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☒ Yes. Fill in all of the information below.

**Part 1:**   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1**   CR Conveying<br>Creditor's Name | Describe debtor's property that is subject to a lien | $23,602.00 | $0.00 |

5955 Willow Creek Drive, SW
Cedar Rapids, IA 52404
Creditor's mailing address

**Describe the lien**
Trade, may assert lien rights

cvickerman@srconveying.com
Creditor's email address, if known

**Is the creditor an insider or related party?**
☐ No
☒ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
Prior to Filling
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed

| | | | |
|---|---|---|---|
| **2.2**   Dig-It Excavation<br>Creditor's Name | Describe debtor's property that is subject to a lien | $160,482.55 | $0.00 |

6524 Highway 490
East Bernstadt, KY 407429
Creditor's mailing address

**Describe the lien**
Trade, may assert lien rights

**Is the creditor an insider or related party?**
☐ No
☒ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
Prior to Filling
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☐ Disputed

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| 2.3 | Doss & Horky, Inc. | Describe debtor's property that is subject to a lien | $2,042,067.00 | $0.00 |

Creditor's Name

108 Gose Pike
Danville, KY 40422
Creditor's mailing address

_____

**Describe the lien**
Trade, may assert lien rights

rhonda@dosshorky.com
Creditor's email address, if known

**Is the creditor an insider or related party?**
☐ No
☒ Yes

**Date debt was incurred**
Prior to Filing
**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed

---

| 2.4 | Farm Credit Leasing Services | Describe debtor's property that is subject to a lien | $215,756.69 | $0.00 |

Creditor's Name
12501 Lakefront Place

Louisville, KY 40299
Creditor's mailing address

_____

**Describe the lien**
Bourbon Barrel Rickhouse

sbenvenuti@cobank.com
Creditor's email address, if known

**Is the creditor an insider or related party?**
☐ No
☒ Yes

**Date debt was incurred**
Prior to Filing
**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed

---

| 2.5 | Ford Motor Credit | Describe debtor's property that is subject to a lien | $34,000.00 | $53,691.72 |

Creditor's Name
2022 Ford 650 Barrel Truck

PO Box 650574
Dallas, TX 75265
Creditor's mailing address

**Describe the lien**

Creditor's email address, if known

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**
Prior to filing
**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☒ No

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent

including this creditor and its relative    ☐ Unliquidated
priority.                                    ☐ Disputed

| 2.6 | Infrastructure Systems, Inc. | Describe debtor's property that is subject to a lien | $195,000.00 | $0.00 |

Creditor's Name

P.O. Box 148
Orleans , IN 47452
Creditor's mailing address

**Describe the lien**
Trade, may assert lien right
**Is the creditor an insider or related party?**
☐ No
☒ Yes
**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

jstalker@infrastructuresyste
ms.com
Creditor's email address, if known

**Date debt was incurred**
Prior to filing
**Last 4 digits of account number**

**Do multiple creditors have an
interest in the same property?**
☒ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed

| 2.7 | Insulations Solutions | Describe debtor's property that is subject to a lien | $369,419.00 | $0.00 |

Creditor's Name

458 S Mulberry Street
Elizabethtown, KY 42701
Creditor's mailing address

**Describe the lien**
Trade, may assert lien rights
**Is the creditor an insider or related party?**
☐ No
☒ Yes
**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

jcranmer@insulationsolutions
.org
Creditor's email address, if known

**Date debt was incurred**
Prior to Filling
**Last 4 digits of account number**

**Do multiple creditors have an
interest in the same property?**
☒ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed

| 2.8 | Keystone Industrial LLC | Describe debtor's property that is subject to a lien | $699,093.20 | $0.00 |

Creditor's Name
PO Box 744
714 W. Shelby ST
Junction City , KY 40440
Creditor's mailing address

**Describe the lien**
Trade, asserting lien rights
**Is the creditor an insider or related party?**
☐ No
☒ Yes
**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

bjones@keyind.net
Creditor's email address, if known

**Date debt was incurred**
Prior to Filling
**Last 4 digits of account number**

| | |
|---|---|
| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: |
| ☒ No | Check all that apply |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☒ Contingent |
| | ☒ Unliquidated |
| | ☒ Disputed |

---

| 2.9 | Keystone Industrial, LLC | Describe debtor's property that is subject to a lien | $1,276,547.28 | $0.00 |
|---|---|---|---|---|

Creditor's Name

714 W Shelby St
Junction City, KY 40440

Creditor's mailing address

**Describe the lien**
Mechanic's and Materialmen

**Is the creditor an insider or related party?**
☐ No
☒ Yes

bjones@keyind.net

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
Prior to Filling

**Last 4 digits of account number**

| | |
|---|---|
| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: |
| ☒ No | Check all that apply |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☒ Contingent |
| | ☒ Unliquidated |
| | ☒ Disputed |

---

| 2.10 | Schardein Mechanical | Describe debtor's property that is subject to a lien | $531,000.00 | $0.00 |
|---|---|---|---|---|

Creditor's Name

P.O. Box 19587
Louisville, KY 40259

Creditor's mailing address

**Describe the lien**
Trade, may assert lien rights

**Is the creditor an insider or related party?**
☐ No
☒ Yes

rocky.nardi@schardein.com

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
Prior to Filling

**Last 4 digits of account number**

| | |
|---|---|
| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: |
| ☒ No | Check all that apply |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☒ Contingent |
| | ☒ Unliquidated |
| | ☒ Disputed |

---

| 2.11 | Summit Investment Management | Describe debtor's property that is subject to a lien | $25,165,186.03 | $0.00 |
|---|---|---|---|---|

Creditor's Name
1700 Lincoln Street, Suite 2150
Denver, CO 80203

Creditor's mailing address

All Asset U.C.C. Lien

**Describe the lien**
Purchase Money Security

**Is the creditor an insider or related party?**
☐ No
☒ Yes

bshloss@summit-investment.com

Creditor's email address, if known

| | |
|---|---|
| **Date debt was incurred**<br>Prior to Filing<br>**Last 4 digits of account number** | **Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| **Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed |

| 2.1 2 | Truist Bank | Describe debtor's property that is subject to a lien | $0.00 | $0.00 |
|---|---|---|---|---|
| | Creditor's Name | | | |

| | |
|---|---|
| 401 W. Main Street<br>Louisville, KY 40202<br>Creditor's mailing address | **Describe the lien** |
| Creditor's email address, if known | **Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes |
| **Date debt was incurred**<br>Notice Only<br>**Last 4 digits of account number** | **Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| **Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed |

3.  Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    | $30,712,153.75 |

## Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name   and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

Fill in this information to identify the case:

Debtor name    <u>Luca Mariano Distillery, LLC</u>

United States Bankruptcy Court for the:   <u>EASTERN DISTRICT OF MICHIGAN</u>

Case number (if known)   _____

☐ Check if this is an
amended filing

# Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☒ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>**Internal Revenue Service**<br>Centralized Insolvency Operation<br>POB 7346<br>Philadelphia, PA 19101-7346 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
| Date or dates debt was incurred<br>Notice Only | Basis for the claim: | | |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |
| **2.2** Priority creditor's name and mailing address<br>**Michigan Department of Treasury**<br>Collection/Bankruptcy Unit<br>POB 30168<br>Lansing, MI 48909 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
| Date or dates debt was incurred<br>Notice Only | Basis for the claim: | | |
| Last 4 digits of account number <u>tice</u><br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |

## Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address<br>**Action AG**<br>1381 Bethel Road<br>Lancaster, KY 40444 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $1,000.00 |
| Date(s) debt was incurred <u>Prior to filing</u><br>Last 4 digits of account number __ | Basis for the claim: _<br>Is the claim subject to offset? ☒ No ☐ Yes | |

| | | |
|---|---|---|
| **3.2** | **Nonpriority creditor's name and mailing address**<br>AirHydroPower<br>2550 Blankenship Pkwy<br>Lousiville, KY 40299 | **As of the petition filing date, the claim is:** *Check all that apply.*     $1,749.31<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** <u>Prior to filing</u><br>**Last 4 digits of account number** \_ | **Basis for the claim:** \_<br>Is the claim subject to offset? ☒ No   ☐ Yes |
| **3.3** | **Nonpriority creditor's name and mailing address**<br>AT&T<br>208 S, Akard Street<br>Dallas, TX 75202 | **As of the petition filing date, the claim is:** *Check all that apply.*     $12,638.64<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed |
| | **Date(s) debt was incurred** <u>Prior to filing</u><br>**Last 4 digits of account number** \_ | **Basis for the claim:** \_<br>Is the claim subject to offset? ☒ No   ☐ Yes |
| **3.4** | **Nonpriority creditor's name and mailing address**<br>Atmos Energy Corp<br>P.O. Box 841425<br>Dallas, TX 75284 | **As of the petition filing date, the claim is:** *Check all that apply.*     $0.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** \_<br>**Last 4 digits of account number** \_ | **Basis for the claim:** <u>Notice only</u><br>Is the claim subject to offset? ☒ No   ☐ Yes |
| **3.5** | **Nonpriority creditor's name and mailing address**<br>Brooks Grain<br>5130 Port Road<br>Jeffersonville, IN 47130 | **As of the petition filing date, the claim is:** *Check all that apply.*     $7,655.17<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** \_<br>**Last 4 digits of account number** \_ | **Basis for the claim:** \_<br>is the claim subject to offset? ☒ No   ☐ Yes |
| **3.6** | **Nonpriority creditor's name and mailing address**<br>Campbell's Sanitation LLC<br>P.O. Box 1332<br>Danville, KY 40423 | **As of the petition filing date, the claim is:** *Check all that apply.*     $1,046.76<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** <u>Prior to filing</u><br>**Last 4 digits of account number** \_ | **Basis for the claim:** \_<br>Is the claim subject to offset? ☒ No   ☐ Yes |
| **3.7** | **Nonpriority creditor's name and mailing address**<br>Cardpointe<br>1000 Continental Dr #300<br>King of Prussia, PA 19406 | **As of the petition filing date, the claim is:** *Check all that apply.*     $12.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** <u>Prior to filing</u><br>**Last 4 digits of account number** \_ | **Basis for the claim:** \_<br>Is the claim subject to offset? ☒ No   ☐ Yes |
| **3.8** | **Nonpriority creditor's name and mailing address**<br>Caverndale Farms, Inc.<br>1921 Bluegrass Pike<br>Danville, KY 40422 | **As of the petition filing date, the claim is:** *Check all that apply.*     $3,793.97<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** <u>Prior to filing</u><br>**Last 4 digits of account number** \_ | **Basis for the claim:** \_<br>Is the claim subject to offset? ☒ No   ☐ Yes |
| **3.9** | **Nonpriority creditor's name and mailing address**<br>Cintas Fire Protection<br>P.O. Box 636525<br>Cincinnati , OH 45263 | **As of the petition filing date, the claim is:** *Check all that apply.*     $3,348.20<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** \_<br>**Last 4 digits of account number** \_ | **Basis for the claim:** \_<br>Is the claim subject to offset? ☒ No   ☐ Yes |

25-51472-prh    Doc 36    Filed 11/26/25    Entered 11/26/25 10:17:50    Page 28 of 50

| | | |
|---|---|---|
| **3.10** | **Nonpriority creditor's name and mailing address**<br>Clark Farms Trucking<br>6040 Eminence Pike<br>Shelbybille, KY 40065 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$191.52**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** Prior to filing<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| | | |
|---|---|---|
| **3.11** | **Nonpriority creditor's name and mailing address**<br>Cooper Rose Enterprises LLC<br>651 Fenwick Lane<br>Springfield, KY 40069 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$2,095.00**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** Prior to filing<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| | | |
|---|---|---|
| **3.12** | **Nonpriority creditor's name and mailing address**<br>Dynamic Hose Solutions, Inc.<br>218 Two Oaks Drive<br>Nicholasville, KY 40356 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$2,290.47**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** Prior to filing<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| | | |
|---|---|---|
| **3.13** | **Nonpriority creditor's name and mailing address**<br>Ecolab<br>PO Box 32027<br>New York, NY 10087 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$444.14**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** Prior to filing<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| | | |
|---|---|---|
| **3.14** | **Nonpriority creditor's name and mailing address**<br>Emerson<br>1100 W Louis Henna Blvd<br>Building 1<br>Round Rock, TX 78681 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$3,725.35**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| | | |
|---|---|---|
| **3.15** | **Nonpriority creditor's name and mailing address**<br>FCX Performance Inc.<br>7601 Innovation Way<br>Mason, OH 45040 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$8,662.90**<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed |
| | **Date(s) debt was incurred** Prior to filing<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| | | |
|---|---|---|
| **3.16** | **Nonpriority creditor's name and mailing address**<br>Ferm Solutions, Inc.<br>445 Roy Arnold Blvd.<br>Danville, KY 40422 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$11,169.00**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** Prior to filing<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| | | |
|---|---|---|
| **3.17** | **Nonpriority creditor's name and mailing address**<br>Flowdesign, Inc.<br>200 North Center Street<br>Northville, MI 48167 | **As of the petition filing date, the claim is:** *Check all that apply.*    **$3,000.00**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date(s) debt was incurred** Prior to filing<br>**Last 4 digits of account number** _ | **Basis for the claim:** _<br>Is the claim subject to offset? ☒ No   ☐ Yes |

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $135.18 |
|------|--------------------------------------------------|-------------------------------------------------------------------|---------|

**3.18** Nonpriority creditor's name and mailing address
General Wine & Liquor Company
373 Victor Avenue
Highland Park, MI 48203

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  Prior to filing
Last 4 digits of account number __

Basis for the claim: __
Is the claim subject to offset? ☒ No  ☐ Yes

**$135.18**

---

**3.19** Nonpriority creditor's name and mailing address
GS1 US
Dept. 781271
P.O. Box 78000
Detroit, MI 48278

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  Prior to filing
Last 4 digits of account number __

Basis for the claim: __
Is the claim subject to offset? ☒ No  ☐ Yes

**$165.00**

---

**3.20** Nonpriority creditor's name and mailing address
Hall Environmental Consultants, LLC
1376 Danville Loop 1 Road
Nicholasville, KY 40356

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  Prior to filing
Last 4 digits of account number __

Basis for the claim: __
Is the claim subject to offset? ☒ No  ☐ Yes

**$11,310.92**

---

**3.21** Nonpriority creditor's name and mailing address
Hayslett Mechanical
Who signed the contract? How much is owed?
729 Warwick Rd
Harrodsburg, KY 40330

As of the petition filing date, the claim is: *Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

Date(s) debt was incurred  Prior to Filing
Last 4 digits of account number __

Basis for the claim:  trade, asserting lien rights
Is the claim subject to offset? ☐ No  ☒ Yes

**$0.00**

---

**3.22** Nonpriority creditor's name and mailing address
HSI
PO Box 809321
Chicago, IL 60680

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __
Last 4 digits of account number __

Basis for the claim: __
Is the claim subject to offset? ☒ No  ☐ Yes

**$4,003.50**

---

**3.23** Nonpriority creditor's name and mailing address
Infrastructure Systems, Inc.
260 W. Vincennes Street
Orleans, IN 47452

As of the petition filing date, the claim is: *Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

Date(s) debt was incurred  Prior to filing
Last 4 digits of account number __

Basis for the claim:  Trade debt
Is the claim subject to offset? ☐ No  ☒ Yes

**$272,554.95**

---

**3.24** Nonpriority creditor's name and mailing address
JBW Group of Iowa
6600 Merle Hay
Johnston , IA 50131

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  Prior to filing
Last 4 digits of account number __

Basis for the claim:  Trade debt
Is the claim subject to offset? ☒ No  ☐ Yes

**$50.93**

---

**3.25** Nonpriority creditor's name and mailing address
Johnson Brothers of Indiana.
5337 West 78th Street
Indianapolis, IN 46268

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  Prior to filing
Last 4 digits of account number __

Basis for the claim:  Trade debt
Is the claim subject to offset? ☒ No  ☐ Yes

**$1,173.22**

---

| 3.26 | Nonpriority creditor's name and mailing address<br>Johnson Brothers of Nebraska.<br>9320 J Street<br>Omaha, NE 68127 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $205.61 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Trade debt_ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.27 | Nonpriority creditor's name and mailing address<br>Johnson Brothers of Wisconsin.<br>301 E Vienna Ave<br>Milwaukee, WI 53212 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $1,845.15 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Trade debt_ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.28 | Nonpriority creditor's name and mailing address<br>Kentuckiana Comfort Center<br>PO Box 99369<br>Lousville, KY 40269 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $10,661.69 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Trade debt_ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.29 | Nonpriority creditor's name and mailing address<br>Kentucky Bourbon Festival<br>Brown & Cheek, Inc.<br>442 E. Stephen Foster Ave.<br>Bardstown, KY 40004 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $1,950.00 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Trade debt_ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.30 | Nonpriority creditor's name and mailing address<br>Kentucky State Treasurer<br>107 Corporate Drive<br>Frankfort, KY 40601 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $75.41 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Trade debt_ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.31 | Nonpriority creditor's name and mailing address<br>Kentucky Utilities<br>PO Box 771670<br>Saint Louis, MO 63177 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Notice Only_ | |
| | Last 4 digits of account number _only_ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.32 | Nonpriority creditor's name and mailing address<br>Malteurop Malting Company<br>6737 W. Washington St., Suite 4204<br>Milwaukee, WI 53214 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $16,228.80 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Trade debt_ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.33 | Nonpriority creditor's name and mailing address<br>Midwest Telephone<br>10401 N. Meridian Street, Suite 401<br>Indianapolis, IN 46290 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $112.00 |
|---|---|---|---|
| | Date(s) debt was incurred _Prior to filing_ | Basis for the claim: _Trade debt_ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.34 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $38,500.00 |
|---|---|---|---|
| | ML Advisory, LLC<br>2265 Broadway, Unit 2<br>San Francisco, CA 94115 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred Prior to filing | Basis for the claim: Trade debt | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.35 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,625.00 |
|---|---|---|---|
| | Morris Workshop Architects, PLLC<br>151 N Eagle Creek Dr.<br>Ste 105<br>Lexington, KY 40509 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred Prior to filing | Basis for the claim: Trade debt | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.36 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,975.23 |
|---|---|---|---|
| | Motion<br>99 Industry Drive<br>Versailles, KY 40383 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred Prior to filing | Basis for the claim: Trade debt | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.37 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $446.46 |
|---|---|---|---|
| | Mutual of Omaha<br>PO Box 2147<br>Omaha, NE 68103 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred Prior to filing | Basis for the claim: Trade debt | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.38 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $34,000.00 |
|---|---|---|---|
| | National Water Services, LLC<br>524 NE 3rd St<br>Paoli, IN 47454 | ☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | |
| | Date(s) debt was incurred Prior to Filling | Basis for the claim: Trade debt | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☐ No ☒ Yes | |

| 3.39 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,000.00 |
|---|---|---|---|
| | PLEGE Trucking Co. LLC<br>20261 Buckeye Rd<br>Lancaster, KY 40444 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred Prior to filing | Basis for the claim: Trade debt | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.40 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $6,148.00 |
|---|---|---|---|
| | Pro Refrigeration, Inc.<br>PO Box 1528<br>Auburn, WA 98071 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: _ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.41 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $897.64 |
|---|---|---|---|
| | Rumpke<br>PO Box 538710<br>Cincinnati , OH 45253 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred Prior to filing | Basis for the claim: Trade debt | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.42 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,786.95 |
|---|---|---|---|

Share Corporation
PO Box 245013
Milwaukee, WI 53224

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** Prior to filing

**Basis for the claim:** Trade debt

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.43 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $4,335.00 |
|---|---|---|---|

Stoermer-Anderson, Inc
P.O. Box 706135
Cincinnati, OH 45270

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.44 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $12,840.47 |
|---|---|---|---|

Sunbelt Rentals, Inc.
PO Box 409211
Atlanta , GA 30384

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.45 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $658.36 |
|---|---|---|---|

Tennessee Department of Revenue
500 Deaderick Street
Nashville, TN 37242

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** Prior to filing

**Basis for the claim:** Trade debt

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.46 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $0.00 |
|---|---|---|---|

The Cincinnati Insurance Companies
PO Box 145620
Cincinatti, OH 45250

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** Prior to filing

**Basis for the claim:** Trade debt

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.47 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $10.00 |
|---|---|---|---|

The Indiana Department of Revenue
PO Box 1028
Indianapolis, IN 46206

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** Prior to filing

**Basis for the claim:** Trade debt

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.48 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $800.00 |
|---|---|---|---|

Todd Grain Services, LLC
P.O. Box 489
Eubanks, KY 42567

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** Prior to filing

**Basis for the claim:** Trade debt

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.49 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $400,000.00 |
|---|---|---|---|

Trust FBO Gianna Marino
1477 Keel St
Plymouth, MI 48170

☒ Contingent
☒ Unliquidated
☒ Disputed

**Date(s) debt was incurred** Prior to filing

**Basis for the claim:** Loan

**Last 4 digits of account number** _

Is the claim subject to offset? ☒ No   ☐ Yes

---

| 3.50 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $400,000.00 |

**3.50** Nonpriority creditor's name and mailing address
Trust FBO Luca Marino
1477 Keel St
Plymouth, MI 48170

Date(s) debt was incurred   Prior to filing
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

Basis for the claim:  Loan
Is the claim subject to offset?  ☒ No   ☐ Yes

**$400,000.00**

---

**3.51** Nonpriority creditor's name and mailing address
UHY Advisors, Inc.
PO Box 72217
Cleveland, OH 44192

Date(s) debt was incurred   Prior to filing
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt
Is the claim subject to offset?  ☒ No   ☐ Yes

**$2,500.00**

---

**3.52** Nonpriority creditor's name and mailing address
Victory Wine Group
P.O. Box
641077
Dallas, TX 75264

Date(s) debt was incurred   Prior to filing
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt
Is the claim subject to offset?  ☒ No   ☐ Yes

**$72.78**

---

**3.53** Nonpriority creditor's name and mailing address
Wisconsin Department of Revenue
PO Box 3028
Milwaukee, WI 53224

Date(s) debt was incurred   Prior to filing
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt
Is the claim subject to offset?  ☒ No   ☐ Yes

**$2,357.84**

---

**3.54** Nonpriority creditor's name and mailing address
Woodford Oil Company
PO Box 567 1 Thirteenth Street
Elkins, WV 26241

Date(s) debt was incurred   Prior to filing
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt
Is the claim subject to offset?  ☒ No   ☐ Yes

**$744.81**

---

**3.55** Nonpriority creditor's name and mailing address
Worldwide Beverage Grp
17501 W. 98th Street
#17-62
Lenexa, KS 66219

Date(s) debt was incurred   Prior to filing
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt
Is the claim subject to offset?  ☒ No   ☐ Yes

**$2,029.04**

---

**3.56** Nonpriority creditor's name and mailing address
Young Basile, PC
3001 West Big Beaver Road
Suite 624
Troy, MI 48084

Date(s) debt was incurred   Prior to filing
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt
Is the claim subject to offset?  ☒ No   ☐ Yes

**$9,306.00**

---

**Part 3:    List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Debtor | Luca Mariano Distillery, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |
| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. Add the amounts of priority and nonpriority unsecured claims.

|  | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 1,307,328.37 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $ | 1,307,328.37 |

Fill in this information to identify the case:

Debtor name __Luca Mariano Distillery, LLC__

United States Bankruptcy Court for the: __EASTERN DISTRICT OF MICHIGAN__

Case number (if known) _____

☐ Check if this is an
amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases       12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
☐ No. Check this box and file this form with the debtor's other schedules.   There is nothing else to report on this form.
☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*   *Property* (Official Form 206A/B).

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | Lease of Rickhouse upon which barrels are stored. | |
|---|---|---|---|
| | State the term remaining | | Farm Credit Leasing Services<br>12501 Lakefront Place |
| | List the contract number of any government contract | _____ | Louisville, KY 40299 |

Official Form 206G       Schedule G: Executory Contracts and Unexpired Leases       Page 1 of 1

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

25-51472-prh    Doc 36    Filed 11/26/25    Entered 11/26/25 10:17:50    Page 37 of 50

Debtor name   Luca Mariano Distillery, LLC

United States Bankruptcy Court for the:   EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☒ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | | Column 2: Creditor | |
|---|---|---|---|---|
| **Name** | **Mailing Address** | | **Name** | **Check all schedules that apply:** |
| 2.1 Francesco Saverio Viola | 14777 Keele St. Plymouth, MI 48170 | | Farm Credit Leasing Services | ☒ D __2.4__ ☐ E/F _____ ☐ G _____ |
| 2.2 Francisco S. Viola | 14777 Keel Street Plymouth, MI 48170 | | Truist Bank | ☒ D __2.12__ ☐ E/F _____ ☐ G _____ |
| 2.3 LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | | Farm Credit Leasing Services | ☒ D __2.4__ ☐ E/F _____ ☐ G _____ |
| 2.4 LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | | Hayslett Mechanical | ☐ D _____ ☒ E/F __3.21__ ☐ G _____ |
| 2.5 LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | | Infrastructure Systems, Inc. | ☐ D _____ ☒ E/F __3.23__ ☐ G _____ |
| 2.6 LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | | Insulations Solutions | ☒ D __2.7__ ☐ E/F _____ ☐ G _____ |

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.   Continue numbering the lines sequentially from the previous page.

*Column 1:* Codebtor                                                        *Column 2:* Creditor

| | Codebtor | Address | Creditor | Schedule |
|---|---|---|---|---|
| 2.7 | LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | Keystone Industrial, LLC | ☒ D __2.9__ <br> ☐ E/F ____ <br> ☐ G ____ |
| 2.8 | LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | National Water Services, LLC | ☐ D ____ <br> ☒ E/F __3.38__ <br> ☐ G ____ |
| 2.9 | LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | Schardein Mechanical | ☒ D __2.10__ <br> ☐ E/F ____ <br> ☐ G ____ |
| 2.10 | LMD Holdings LLC | 14777 Keel St. Plymouth, MI 48170 | Truist Bank | ☒ D __2.12__ <br> ☐ E/F ____ <br> ☐ G ____ |
| 2.11 | LMD Holdings LLC | 14777   Keel St. Plymouth, MI 48170 | Summit Investment Management | ☒ D __2.11__ <br> ☐ E/F ____ <br> ☐ G ____ |
| 2.12 | Versatrans, Inc | 14777 Keel Street Plymouth, MI 48170 | Truist Bank | ☒ D __2.12__ <br> ☐ E/F ____ <br> ☐ G ____ |
| 2.13 | Viola Holdings, LLC | 14777 Keel St Scottsburg, IN 47170 | Truist Bank | ☒ D __2.12__ <br> ☐ E/F ____ <br> ☐ G ____ |

Fill in this information to identify the case:

Debtor name    Luca Mariano Distillery, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy      04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

### Part 1:    Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | From the beginning of the fiscal year to filing date:<br>From 01/01/2025 to Filing Date | ☒ Operating a business<br><br>☐ Other _____ | $94,208.63 |
   | · For prior year:<br>From 01/01/2024 to 12/31/2024 | ☒ Operating a business<br><br>☐ Other _____ | $85,565.37 |
   | For year before that:<br>From 01/01/2023 to 12/31/2023 | ☒ Operating a business<br><br>☐ Other _____ | $958,719.44 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|
   | For year before that:<br>From 01/01/2023 to 12/31/2023 | _____ | $0.00 |

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. Eavenson Legal PLLC<br>175 E Main St<br>Suite 201<br>Lexington, KY 40507 | August 5, 2025 | $9,425.08 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other__Legal Services__ |
| 3.2. LMD Holdings LLC<br>14777 Keel St.<br>Plymouth, MI 48170 | July 16, 2025 | $26,673.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other__Rent__ |
| 3.3. Francesco Viola<br>14777 Keel Street<br>Plymouth, MI 48170 | July 11, 2025 | $25,000.00 | ☐ Secured debt<br>☒ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. Francesco Viola<br>14777 Keel St<br>Plymouth, MI 48170<br>Owner | Feb 24, 2025 | $17,228.20 | Previous account was closed for fraud on account. |
| 4.2. Luca Mariano<br>14777 Keel St<br>Plymouth, MI 48170<br>Relative of Owner | December 20, 2024 | $17,000.00 | Interest payment on Loan |
| 4.3. Gianna Mariano<br>14777 Keel St<br>Plymouth, MI 48170<br>Relative of Owner | December 20, 2024 | $17,000.00 | Interest payment on loan |
| 4.4. Versatrans<br>14777 Keel St<br>Plymouth, MI 48170<br>Affiliate | February 20, 2024 | $55,109.68 | Reimbursement for funds used to start still |
| 4.5. LMD Holdings<br>14777 Keel St<br>Plymouth, MI 48170<br>Affilate | December 17, 2024 | $50,000.00 | Rent |
| 4.6. LMD Holdings LLC<br>14777 Keel St.<br>Plymouth, MI 48170<br>Affiliate | December 9, 2024 | $10,000.00 | Rent |

| | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.7. | LMD Holdings LLC<br>14777 Keel St.<br>Plymouth, MI 48170<br>Affiliate | December 4, 2024 | $20,000.00 | Rent |
| 4.8. | LMD Holdings LLC<br>14777 Keel St.<br>Plymouth, MI 48170<br>Affiliate | December 3, 2024 | $10,000.00 | Rent |
| 4.9. | LMD Holdings, LLC<br><br>Affiliate | November 26, 2024 | $40,000.00 | Rent |
| 4.10. | LMD Holdings LLC<br>14777 Keel St<br>Plymouth, MI 48170<br>Affiliate | October 29, 2024 | $20,000.00 | Rent |
| 4.11. | LMD Holdings LLC<br>14777 Keel St<br>Plymouth, MI 48170<br>Affiliate | October 24, 2024 | $20,000.00 | Rent |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3:  Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☒ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☒ None

### Part 4:  Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

## Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Huntington Bank<br>41 South High Street<br>Columbus, OH 43215 | XXXX-3495 | ☒ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | Feb 24, 2025 | $17,000.00 |
| 18.2. | Truist Financial Corp<br>214 N. Tryon St<br>Charlotte, NC 28202 | XXXX-0822 | ☒ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | February 12, 2025 | $17,236.00 |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ☒ None

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

    ☒ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ☒ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ☒ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ☒ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26a.1. | Francesco Saverio Viola II<br>14777 Keel St.<br>Plymouth, MI 48170 | All relevant times |

Debtor   Luca Mariano Distillery, LLC _____     Case number (if known) _____

| Name and address | | Date of service From-To |
|---|---|---|
| 26a.2. | Brian Mamo<br>14777 Keel Street<br>Plymouth, MI 48170 | All relevant times |
| 26a.3. | Ali Baydoun<br>27725 Stansbury St<br>Unit 200<br>Farmington, MI 48334 | All relevant times |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | | Date of service From-To |
|---|---|---|
| 26b.1. | Ali Baydoun<br>27725 Stansbury St<br>Unit 200<br><br>Farmington, MI 48334 | All relevant times |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | Francesco S. Viola II<br>14777 Keel St.<br>Plymouth, MI 48170 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

**Name and address**

| 26d.1. | Summit |
|---|---|
| 26d.2. | Truist |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Francesco S. Viola | 14777 Keel St.<br>Plymouth, MI 48170 | President, CEO and Managing Member | 100 |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☒ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | See above. | | | |
| | **Relationship to debtor** | | | |

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☒ No
☐ Yes. Identify below.

**Name of the parent corporation**                                       **Employer Identification number of the parent corporation**

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☒ No
☐ Yes. Identify below.

**Name of the pension fund**                                             **Employer Identification number of the pension fund**

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    November 26, 2025

/s/ David Baker    *David M Baker*                          David Baker
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    David Baker, Chief Restructuring Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☒ No
☐ Yes

# United States Bankruptcy Court
## Eastern District of Michigan

In re   Luca Mariano Distillery, LLC                 Case No. _____

                                 Debtor(s)          Chapter     11

### STATEMENT OF ATTORNEY FOR DEBTOR(S)
### PURSUANT TO F.R.BANKR.P. 2016(b)

The undersigned, pursuant to F.R.Bankr.P. 2016(b), states that:

1. The undersigned is the attorney for the Debtor(s) in this case.

2. The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

    [ X ]     **FLAT FEE**

       A.     For legal services rendered in contemplation of and in connection with this case,
            exclusive of the filing fee paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    0.00

       B.     Prior to filing this statement, received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..    0.00

       C.     The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    0.00

    [ ]     **RETAINER**

       A.     Amount of retainer received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    See below

       B.     Debtor agrees to pay all fees and epenses exceeding the retainer. prior to the case being filed, Stevesnon & Bullock, P.L.C.
            received $66,618.44 for pre-petition fees and expenses for its representation of the Debtor ($1,738.00 was for the Chapter 11 filing
            fee). At this time $3,381.56 is on hand in the Stevenson & Bullock IOLTA Account.

3.     $   1,738.00    of the filing fee has been paid.

4.     In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including: [Cross out any that
      do not apply.]

       A.     Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in
            bankruptcy;
       B.     Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
       C.     Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
       D.     ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
       E.     Reaffirmations;
       F.     Redemptions;
       G.     Other:
            Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
            reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A)
            for avoidance of liens on household goods.

5.     By agreement with the debtor(s), the above-disclosed fee does not include the following services:
            Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any
            other adversary proceeding.

6.     The source of payments to the undersigned was from:
       A.     __XX__     Debtor(s)' earnings, wages, compensation for services performed
       B.     _____     Other (describe, including the identity of payor) _____

7. The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law firm or corporation, any compensation paid or to be paid except as follows:

Dated:  November 26, 2025

/s/ Charles D Bullock
Attorney for the Debtor(s)
Charles D Bullock
Stevenson & Bullock, PLC
26100 American Drive, Suite 500
Southfield, MI 48034
(248) 354-7906
cbullock@sbplclaw.com
P55550 MI

Agreed:  /s/ David Baker      _David M Baker_
David M Baker (Nov 26, 2025 06:40:33 EST)
David Baker
Debtor

Debtor